IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Sabrina Elliot,                              )<br>                Plaintiff,   )<br>                            )<br>    v.                                        )<br>                            )<br>Orchid Island Plantation Apartments  )<br>Associates, LLC,                             )<br>                            )<br>                Defendant.  )<br>                            ) | Case No. 6:24-cv-00836-JDA<br><br><br>**<u>OPINION AND ORDER</u>** |

This matter is before the Court on Plaintiff's motion to join additional parties, amend the Complaint, and remand. [Doc. 14.] For the reasons set forth below, the Court grants Plaintiff's motion and remands this action to state court.

## **<u>BACKGROUND</u>**

This case arises from an incident that occurred on August 17, 2023, in which a fire broke out at the Stoneledge Apartment complex (the "Complex"), owned, operated, and managed by Defendant, where Plaintiff was a tenant, destroying much of Plaintiff's personal property. [Doc. 1-1 ¶¶ 5–8.] The fire allegedly originated from either the bathroom exhaust fan or bedroom ceiling fan in Plaintiff's attic, where Plaintiff had experienced leakage prior to the fire. [*See* Docs. 23-1–23-5.] Plaintiff filed this action in the Greenville County Court of Common Pleas on December 5, 2023. [Doc. 1-1.] Defendant removed the action to this Court on February 19, 2024, based on diversity jurisdiction. [Doc. 1.]

When Plaintiff filed this action in state court and when Defendant removed the case to this Court, complete diversity of the parties existed. [Docs. 1; 1-1 ¶¶ 1–2.] Plaintiff is

a citizen of South Carolina and Defendant is a citizen of Florida. [Docs. 1 ¶¶ 5-6; 1-1 at 2 ¶¶ 1–2]; *see* 28 U.S.C. § 1332(c)(1) (stating that for federal diversity jurisdiction purposes, a corporation is a citizen of the states in which it has been incorporated and in which it has its principal place of business).

On May 24, 2024, Plaintiff filed a motion to join additional parties, amend the Complaint, and remand, seeking to add as defendants two individuals, Heidi Seitz and Jessica Shook, who were employed as property managers by Defendant at the Complex. [Doc. 14.] Because Seitz and Shook, like Plaintiff, are both citizens and residents of South Carolina, Plaintiff asks this Court to remand the action to the Greenville County Court of Common Pleas. [*Id*.] Defendant filed an opposition on June 7, 2024. [Doc. 15.] On June 20, 2024, the Court entered a Text Order directing Plaintiff to file additional briefing explaining why the Court should find that Plaintiff is not requesting the amendment simply to defeat federal jurisdiction and explaining why Plaintiff did not seek to name the nondiverse defendants earlier. [Doc. 21.] In accordance with the Court's directive, Plaintiff submitted a supplemental memorandum on June 26, 2024 [Doc. 23], and Defendant filed a response on July 2, 2024 [Doc. 24]. The motion is ripe for review.

## APPLICABLE LAW

**Diversity Jurisdiction**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). In this case, Defendant's notice of removal alleged that removal was proper because the district court has diversity

2

jurisdiction to hear Plaintiff's claims under 28 U.S.C. § 1332, which grants district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Section 1332 requires complete diversity of all parties, which exists where "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).

**Remand**

Remand of a case to state court following removal is governed by 28 U.S.C. § 1447, which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Id.* Thus, remand is necessary if federal jurisdiction is doubtful. *Id.*

**Fraudulent Joinder and Amendment to Join a Nondiverse Defendant**

Rule 15(a) provides, with exceptions that are inapplicable here, that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Additionally, leave of court is required when a plaintiff seeks to join a nondiverse defendant after a case has been removed. As the Fourth Circuit has explained:

> When a plaintiff seeks to join a nondiverse defendant after the case has been removed, the district court's analysis begins with 28 U.S.C. § 1447(e), which provides the district court with two options: "If after removal the plaintiff seeks to join

3

> additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." These are the only two options for a district court faced with a post-removal attempt to join a nondiverse defendant; the statute does not allow a district court to retain jurisdiction once it permits a nondiverse defendant to be joined in the case.

*Mayes*, 198 F.3d at 461–62 (footnote omitted).* In exercising its discretion under Section 1447(e), a district court may consider all relevant factors, including "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.* at 462 (internal quotation marks omitted). And, "if the defendants can carry the heavy burden of proving fraudulent joinder, that fact should be a factor—and perhaps the dispositive

---

* In a footnote following this passage, the Fourth Circuit further explained the interplay of the various joinder rules and 28 U.S.C. § 1447(e):

> Reading Rule 15(a) in connection with [Rules] 19 and 21, and 28 U.S.C. § 1447(e), resolves any doubts over whether the district court has authority to pass upon any attempts—even those for which the plaintiff needs no leave of court—to join a nondiverse defendant. *See* 28 U.S.C. § 1447(e) ("the court may deny joinder, or permit joinder"); *see also* Fed.R.Civ.P. 19(a) ("A person who is subject to service of process and *whose joinder will not deprive the court of jurisdiction* over the subject matter of the action shall be joined as a party . . . ") (emphasis added); Fed.R.Civ.P. 21 ("Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.") Thus, a district court has the authority to reject a post-removal joinder that implicates 28 U.S.C. § 1447(e), even if the joinder was without leave of court.

*Mayes*, 198 F.3d at 462 n.11.

4

factor—that the court considers in deciding whether a plaintiff may join a nondiverse defendant." *Id.* at 463.

The fraudulent joinder doctrine permits a defendant to remove a case to federal court based on diversity jurisdiction despite the presence of another nondiverse defendant. *Mayes*, 198 F.3d at 461. To establish fraudulent joinder, the removing party must show either "outright fraud in the plaintiff's pleading of jurisdictional facts" or that "there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (internal quotation marks omitted). As to the latter showing, the party asserting fraudulent joinder "bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). "This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under [Rule] 12(b)(6)" of the Federal Rules of Civil Procedure. *Id*.

## **DISCUSSION**

Before granting Plaintiff leave to amend her Complaint, the Court must first evaluate the propriety of joinder under 28 U.S.C. § 1447(e). *See Mayes*, 198 F.3d at 461. Considering the relevant factors outlined in *Mayes*, the Court concludes that joinder and amendment should be permitted, and this case should be remanded.

As to the first factor, the Court concludes that Plaintiff does not seek to join Seitz and Shook to defeat federal jurisdiction. "[C]ourt[s] have recognized that amendments based on newly discovered information are often sought for legitimate purposes." *Boykin v. Spectrum Lubricants Corp.*, No. 3:13-cv-00417-MBS, 2014 WL 12631658, at *4 (D.S.C.

Mar. 7, 2014).  Here, Plaintiff explains in her supplemental briefing that, following removal, Plaintiff's counsel continued to investigate the origin of the fire and discovered "substantial evidence that [Seitz and Shook] had prior knowledge of water leaks into the attic space which housed exposed electrical components and where the fire originated."  [Doc. 23 at 2.]  Plaintiff also attached to her supplemental briefing various email exchanges between Plaintiff, Seitz, and Shook discussing both the water leak and the aftermath of the fire.  [Docs. 23-2–23-5.]  Accordingly, Plaintiff's proposed amendment is based on newly discovery information, and the Court finds that it is for a legitimate purpose.

The Court concludes that the second factor—whether Plaintiff has been dilatory in asking for amendment—also weighs in favor of allowing joinder.  Plaintiff moved to amend the Complaint within the time allowed under the First Amended Scheduling Order, which governed the schedule in this case at the time Plaintiff's motion was filed.  [Doc. 11.]  Further, any delay by Plaintiff was minimal, as Plaintiff sought leave to amend less than four months following removal.  [Doc. 14.]  Accordingly, this factor weighs in favor of allowing joinder.

As to the third factor, the Court concludes that the Plaintiff may be significantly injured if amendment is not allowed.  To determine whether a plaintiff will be significantly injured if amendment is not allowed, courts consider whether the plaintiff can "be afforded complete relief from the existing [d]efendants," *Boykin*, 2014 WL 12631658, at *6, and whether the plaintiff "would be prejudiced if [s]he were not allowed to pursue recovery via all avenues the law provides," *Williams v. Walmart Stores E., LP*, No. 5:20-cv-1090-JFA, 2021 WL 1616174, at *3 (D.S.C. Apr. 26, 2021).  If Seitz and Shook "did in fact contribute to Plaintiff['s] injuries as alleged, Plaintiff [is] entitled to seek redress from [them]."  *Pryor*

6

*v. D.R. Horton, Inc.*, No. 4:10-2255-TLW-SVH, 2011 WL 2036337, at *3 (D.S.C. Feb. 9, 2011), *Report and Recommendation adopted by* 2011 WL 2020737 (D.S.C. May 20, 2011); *see also Williams*, 2021 WL 1616174, at *3 (finding that even though Plaintiff had "the ability to seek full relief from the existing Defendant, . . . disallowing amendment would impair and infringe upon the Plaintiff's legal right to pursue a claim and lawsuit against a store manager under South Carolina's longstanding law associated with joint and several liability.")  As discussed in more detail below, in South Carolina, a manager or employee can be personally liable if she exercises a substantial level of control over the premises. *Benjamin v. Wal-Mart Stores, Inc.*, 413 F. Supp. 2d 652, 656 (D.S.C. 2006). The Court concludes that foreclosing Plaintiff from pursuing this theory of liability would cause significant injury and, therefore, this factor weighs in favor of allowing joinder.

As for other factors bearing on the equities, the Court recognizes Defendant's interest in retaining a federal forum.  *See Skeens v. Mut. of Omaha Ins. Co.*, No. 2:12-cv-5049, 2013 WL 1584291, at *5 (S.D. W. Va. Apr. 12, 2013) ("The removal statutes are predicated on giving the diverse defendants a choice of a state or federal forum." (internal quotation marks omitted)).  However, "the danger of parallel lawsuits in federal and state court, which may spawn inconsistent results and inefficient use of judicial resources," is considerable.  *Mayes*, 198 F.3d at 463 (internal quotation marks omitted).  If Plaintiff were forced to sue Seitz and Shook in a separate state-court action for their role in the accident, this danger would be present.  Accordingly, the Court finds that the equities weigh in favor of allowing joinder.

Finally, Defendant contends that fraudulent joinder applies because there is no possibility that Plaintiff would be able to establish a cause of action against the in-state

7

defendant in state court. [Doc. 15 at 3; Doc. 24 at 3–6.] Defendant argues that "because both Seitz's and Shook's allegedly negligent acts or omissions were undertaken within the course and scope of their employment with Defendant and Plaintiff has not produced any evidence that they acted outside of that scope . . . they cannot be held individually liable for the incidents described in Plaintiff's Complaint." [*Id*. at 2–3.]

In South Carolina, a party who operates a premises but is neither an owner nor a lessee may have a duty of reasonable care with respect to an allegedly dangerous condition. *Dunbar v. Charleston & W.C. Ry. Co.*, 44 S.E.2d 314, 317 (S.C. 1947). Such liability depends on control, rather than ownership, of the premises. *Id*. "In considering whether an individual has exercised such control . . . so as to impose a duty to reasonably inspect the premises, a court will generally consider the individual's power or authority to manage, direct, superintendent, restrict, regulate, govern, administer, or oversee the management of the property." *Benjamin*, 413 F. Supp. 2d at 656. Here, Plaintiff alleges that Seitz and Shook "were at all times relevant property managers who controlled, operated, and managed the [Complex]." [Doc. 14-1 ¶ 8.] Plaintiff also has presented evidence that Seitz and Shook had prior knowledge of water leaks in the attic space where the fire originated because of numerous complaints made by Plaintiff prior to the fire. [Docs. 23 at 2–6; 23-2–23-5.] Bearing in mind Defendant's heavy burden to show that there is "no possibility" that Plaintiff can establish a claim against the non-diverse defendants, the Court concludes that Plaintiff has sufficiently shown that a cause of action may exist against Seitz and Shook. *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (holding that, to establish fraudulent joinder, the removing party must show that "there is *no possibility* that the plaintiff would be able to establish a cause of action

against the in-state defendant in state court" (internal quotation marks omitted)); *see Laing v. Truist Bank*, No. 3:20-cv-01134-JMC, 2020 WL 4462977, at *3–4 (D.S.C. Aug. 4, 2020) (discussing cases and concluding that a manager was not fraudulently joined because the plaintiff "could have [had] a cause of action for negligence against [the manager] based on a duty to warn customers of hazards on the property or a duty to inspect and maintain the grounds"); *see also Hardrick v. Wal-Mart Stores, Inc.*, No. 9:18-cv-01345-DCN, 2018 WL 3867805, at *3 (D.S.C. Aug. 15, 2018) (concluding that a store manager was not fraudulently joined where the plaintiff brought a negligence claim against the store manager for his failure to warn the plaintiff about a cart's danger and for continuing to use the dangerous cart in the store because it was conceivable that plaintiff could demonstrate after discovery that the manager owed a duty to the plaintiff and that the cart was a known hazard that the manager should have repaired or replaced).

Weighing all the factors together, the Court concludes that the amendment in question should be allowed, and this action should be remanded to state court.

## CONCLUSION

Wherefore, based upon the foregoing, Plaintiff's motion to join additional parties, amend the Complaint, and remand [Doc. 14] is GRANTED. Plaintiff shall file the Amended Complaint by noon on Tuesday, July 16, 2024, and once the Amended Complaint is filed, this matter shall be REMANDED to the Greenville County Court of Common Pleas.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

July 12, 2024
Greenville, South Carolina